**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | |
|---|---|
| Carl Whalen,<br><br>　　Plaintiff,<br><br>v.<br><br>Jeffrey L. Koberg, Esq.<br><br>　　Defendant. | Case No. 1:23-cv-00262<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE OHIO CONSUMER SALES PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

## <u>PARTIES</u>

1. Plaintiff, Carl Whalen ("Carl"), is a natural person who resided in Cincinnati, Ohio, at all times relevant to this action.

2. Defendant, Jeffrey L. Koberg ("JLK"), is an Ohio attorney that maintained his principal place of business in Cleveland, Ohio, at all times relevant to this action.

## <u>JURISDICTION AND VENUE</u>

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. Pursuant to 28 U.S.C. §1367(a), the Court also has Supplemental Jurisdiction over Carl's claims under the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01 et seq. ("OCSPA") because they share a common nucleus of operative fact with Carl's claims under the FDCPA.

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. At all times relevant to this action, JLK collected consumer debts.

7. JLK regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of JLK's revenue is debt collection.

9. JLK meets the definition of a "supplier" as defined by Ohio Rev. Code § 1345.01(C). *See Midland Funding L.L.C.. V. Brent, 644 F.Supp2d 961, 976 (N.D. Ohio 2009)(citing cases)*.

10. As described, *infra*, JLK contacted Carl to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Carl is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13. In 2018, Carl contacted ADT Security ("ADT") to purchase home security services for his residence ("Cancelled Account") located in Clermont County, Ohio. See *Exhibit A*.

14. Prior to beginning the service, Carl terminated his agreement with ADT.

15. Despite this, on information and belief, ADT neglected to close the account and as a result, JLK's client, Duke Capital, LLC, eventually purchased the Cancelled Account.

16. In 2023, JLK filed a lawsuit on behalf of Duke Capital, LLC, against Carl in Hamilton County, Ohio, to collect the Cancelled Account.

17. Paragraph 2 of the lawsuit JLK drafted and filed states, "At all times pertinent herein, Defendant Carl Whalen is and was a resident of the City of Cincinnati, **County of Hamilton**, and State of Ohio (emphasis added).

18. Throughout the entire relevant period of this case, Carl has never resided in Hamilton County. *Id*.

19. JLK's office address is in Cleveland, Ohio.

20. For reasons best explained by JLK, rather than suing Carl in the county that Carl resides, JLK sued Carl in the county that is likely more convenient for JLK and/or Duke Capital, LLC.

21. JLK knew, should have known, and/or had reason to know that the lawsuit it filed against Carl was both substantively, and procedurally, improper.

22. As a result of JLK's lawsuit, JLK improperly communicated and disclosed Carl's debt with third parties including, but not limited to, Hamilton County Clerks, Hamilton County Process servers, Hamilton County Court Employees and Hamilton County Judges.

23. JLK's conduct violated the FDCPA and OCSPA.

24. As a result of JLK's conduct, Carl was forced to defend himself in an unfamiliar county. As a result, Carl incurred additional out of pocket costs that would not have been incurred if JLK filed the case in the proper county.

25. Additionally, Carl has suffered concrete harm as he is now forced to defend himself in an unfamiliar county, *pro se*, against an attorney that presumably is very familiar with the foreign jurisdiction.

26. Carl has also suffered concrete harm by JLK as now there are likely dozens, if not more, of inappropriate third parties that were illegally made aware that Carl allegedly owes a debt thus, *inter alia*, causing reputational damage to Carl and invading his privacy.

27. Carl has also suffered concrete harm as a result of JLK's actions, including but not limited to the increased usage of his cellular telephone services, electronic capacity, diminished cellular phone functionality, decreased battery life on his cellular phone requiring additional

charging and out of pocket energy expenses related to dealing with JLK's improper actions in connection with the collection of a debt.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

28. Carl re-alleges and incorporates by reference Paragraphs 6 through 27 above as if fully set forth herein.

29. JLK violated 15 U.S.C. § 1692c(b) by communicating with Hamilton County officials, employees and vendors in connection with the collection of the debt without Carl's consent.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

30. Carl re-alleges and incorporates by reference Paragraphs 6 through 27 above as if fully set forth herein.

31. JLK violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

32. Carl re-alleges and incorporates by reference Paragraphs 6 through 27 above as if fully set forth herein.

33. JLK violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

34. Carl re-alleges and incorporates by reference Paragraphs 6 through 27 above as if fully set forth herein.

35. JLK violated 15 U.S.C. § 1692i by suing Carl in the wrong county.

## COUNT FIVE

### Violation of the Ohio Consumer Sales Practices Act

36. Carl re-alleges and incorporates by reference Paragraphs 6 through 27 above as if fully set forth herein.

37. JLK's actions in attempting to collect the alleged debt from Carl as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

38. JLK's actions and omissions described above constitute unfair, deceptive, and unconscionable acts and practices, in violation of Ohio Rev. Code § 1345.02 and the substantive rules promulgated under the OCSPA.

39. JLK knowingly committed the unfair and unconscionable acts and practices described above.

## JURY DEMAND

40. Carl demands a trial by jury.

## PRAYER FOR RELIEF

41. Carl prays for the following relief:

    a. Judgment against JLK for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. Judgment against JLK under the OCSPA for treble damages, actual damages, non-economic damages, punitive damages and reasonable attorney's fees, witness fees, court costs, and other costs incurred by Carl.

    c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: May 3, 2023                By: /s/ Jeffrey S. Hyslip
                                 Jeffrey S. Hyslip, Esq. (0079315)
                                 Hyslip Legal, LLC
                                 207 S. Harrison Street, Suite A
                                 Algonquin, IL 60102
                                 Phone: 614-362-3322
                                 Email: jeffrey@hysliplegal.com

                                 *Attorney for Plaintiff*